# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

JOSEPH N. GREGORY,

      Plaintiff,

v.   Case No. 6:24-cv-1408-JRK

FRANK BISIGNANO,
Commissioner of Social Security,[1]

      Defendant.

## **OPINION AND ORDER**[2]

### I.   Status

Joseph N. Gregory ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying his claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is the result of chronic low back pain, epilepsy, post-traumatic brain syndrome, muscle spasms, fatigue, depression, anxiety, mood disorder, and post-traumatic stress disorder. Transcript of Administrative Proceedings (Doc. No. 9; "Tr." or

---

[1] Frank Bisignano was recently confirmed as the Commissioner of Social Security. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Mr. Bisignano should be substituted as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Order Regarding Consent to Magistrate Judge Jurisdiction in Social Security Appeals (Doc. No. 117), Case No. 3:21-mc-1-TJC (outlining procedures for consent and Defendant's generalized consent to Magistrate Judge jurisdiction in social security appeals cases); consent by Plaintiff indicated in docket language for Complaint (Doc. No. 1).

"administrative transcript"), filed September 26, 2024, at 78, 89, 259. Plaintiff protectively filed an application for DIB on April 5, 2022, alleging a disability onset date of April 1, 2022.[3] Tr. at 230-31. The application was denied initially, Tr. at 77, 78-87, 96-99, and upon reconsideration, Tr. at 88, 89-94.[4]

On September 11, 2023, an Administrative Law Judge ("ALJ") held a hearing,[5] during which he heard testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). See Tr. at 51-71. On January 12, 2024, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 32-46.

Thereafter, Plaintiff sought review of the Decision by the Appeals Council. See Tr. at 4-5 (Appeals Council exhibit list and order), 197-99 (request for review). On June 4, 2024, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. On July 31, 2024, Plaintiff commenced this action under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

---

[3] Although actually completed on April 27, 2022, see Tr. at 230, the protective filing date for the DIB application is listed elsewhere in the administrative transcript as April 5, 2022, see, e.g., Tr. at 78, 89.

[4] Some of these documents are duplicated in the administrative transcript. Citations are to the first time a document appears.

[5] The hearing was held via telephone with Plaintiff's consent. See Tr. at 53-54, 167, 178-79.

Plaintiff on appeal has submitted new medical evidence to this Court and argues the matter should be remanded pursuant to sentence six of 42 U.S.C. § 405(g) because "there is a reasonable probability [it] . . . will change the administrative result" and there was "good cause for the failure to submit the evidence at the administrative level." Memorandum in Support of Plaintiff (Doc. No. 12; "Pl.'s Mem."), filed October 28, 2024, at 17. On November 22, 2024, Defendant filed a Response to Plaintiff's Motion to Remand Under Sentence Six of 42 U.S.C. § 405(g) (Doc. No. 13; "Def.'s Mem.") addressing Plaintiff's contentions. Then, on December 6, 2024, Plaintiff's Memorandum in Reply (Doc. No. 14; "Reply") was filed. After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be remanded for further proceedings pursuant to sentence six of 42 U.S.C. § 405(g).

## II. The ALJ's Decision

When determining whether an individual is disabled,[6] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant

---

[6] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

(1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. See Tr. at 34-45. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since April 1, 2022, the alleged onset date." Tr. at 34 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: depression, PTSD, a spine disorder, neurocognitive disorder, and epilepsy." Tr. at 34 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 35 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

- 4 -

> [Plaintiff can] perform medium work as defined in 20 CFR [§] 404.1567(c) except [he] can frequently stoop but never climb ladders, ropes, or scaffolds. He must avoid concentrated exposure to extreme heat, vibrations, and any exposure to unprotected heights and moving machinery. [He] is limited to jobs involving simple and repetitive tasks with occasional interaction with the general public, co-workers, and supervisors.

Tr. at 39 (emphasis omitted).

At step four, the ALJ found that Plaintiff "is unable to perform any past relevant work" as a "graphic designer," a "user support analyst," and a "computer sales representative." Tr. at 44 (some emphasis and citation omitted). The ALJ then proceeded to step five. After considering Plaintiff's age ("39 years old . . . on the alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, the ALJ relied on the VE's testimony and found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 44 (emphasis and citations omitted), such as "Counter supply worker," "Dining room attendant," and "Day worker," Tr. at 45 (emphasis and citation omitted). The ALJ concluded Plaintiff "has not been under a disability . . . from April 1, 2022, through the date of th[e D]ecision." Tr. at 45 (emphasis and citation omitted).

### III.   Standard of Review

This Court typically reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive

if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 587 U.S. 97, 103 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

When a claimant seeks remand pursuant to sentence six of 42 U.S.C. § 405(g) and § 1383(c)(3), different standards apply. They are discussed in detail below.

## IV.   Discussion

Plaintiff argues the matter should be remanded pursuant to sentence six of 42 U.S.C. § 405(g) for consideration of three types of new evidence: 1) a medical opinion from treating psychiatrist Earnest Seiler, III, M.D.; 2) an opinion regarding manipulative limitations from treating occupational therapist Tramar Johnson, OTR/L; and 3) treatment notes from the VA clinic dated April 4, 2023 through July 11, 2024. Pl.'s Mem. at 19. Plaintiff contends the evidence is new, material, carries a reasonable possibility of changing the administrative result, and he has shown good cause for failing to submit it earlier. See id. at 19-25; Reply at 1-5. Responding, first as to the opinions, Defendant contests only whether the evidence was material, and second as to the VA treatment records, he contests both whether the evidence was material and whether Plaintiff has shown good cause. Def.'s Mem. at 5-10.

Addressing Dr. Seiler's and Mr. Johnson's opinions, the undersigned finds that Plaintiff has made the showing required for a sentence six remand. In light of this finding, the Administration shall determine in the first instance whether to consider the other evidence at issue (the VA treatment records).

Under sentence six of 42 U.S.C. § 405(g) and § 1383(c)(3), "[t]he court . . . may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such

evidence into the record in a prior proceeding. . . ." "[A] sentence six remand is available when evidence not presented to the Commissioner at any stage of the administrative process requires further review." Ingram v. Comm'r of Soc. Sec., 496 F.3d 1253, 1267 (11th Cir. 2007).

If a claimant makes "a sufficient showing" to remand a case under sentence six of 42 U.S.C. § 405(g), additional medical evidence can be considered on remand. Id. at 1268 (quotation and citation omitted). To meet the showing required to obtain a sentence six remand, "the claimant must establish that: (1) there is new, noncumulative evidence; (2) the evidence is material, that is, relevant and probative so that there is a reasonable possibility that it would change the administrative result[;] and (3) there is good cause for the failure to submit the evidence at the administrative level." Caulder, 791 F.2d at 877 (quotation and citation omitted); see also, e.g., Hunter v. Soc. Sec. Admin, Comm'r, 808 F.3d 818, 821 (11th Cir. 2015); Ingram, 496 F.3d at 1269; Cherry v. Heckler, 760 F.2d 1186, 1192 (11th Cir. 1985).

Here, although Defendant generally claims a lack of good cause for Plaintiff failing to earlier submit the evidence, see Def.'s Mem. at 1, 4, as to the opinions of Dr. Seiler and Mr. Johnson, Defendant makes no such specific

argument.[7] Accordingly, the undersigned assumes that Plaintiff has shown good cause for failing to earlier submit Dr. Seiler's and Mr. Johnson's opinions, and that they are new and noncumulative (also not contested).

As to materiality, Defendant first contends they do not relate to the period decided by the ALJ because they were authored more than six months after the ALJ issued the Decision. Def.'s Mem. at 5-7, 8. But, each of the forms on which the opinions were rendered asked about the period beginning April 1, 2022 through the date of the opinions. See Pl.'s Mem. at Exs. A, B. Moreover, Dr. Seiler was treating Plaintiff during the timeframe at issue. See, e.g., Tr. at 470, 509-13, 937-39. Also, the record contains documentation of issues with Plaintiff's hands occurring prior to the Decision, see e.g., Tr. at 485 (Plaintiff reporting bilateral tingling), about which Mr. Johnson opined after the Decision was rendered. Both opinions relate to the period decided by the ALJ.

The opinions are also material in that they carry a reasonable possibility of changing the administrative result. See Caulder, 791 F.2d at 877 (quotation and citation omitted); see also, e.g., Hunter, 808 F.3d at 821; Ingram, 496 F.3d at 1269; Cherry, 760 F.2d at 1192. Dr. Seiler's opinion is the only one from a treating mental health professional. Compare Pl.'s Mem. at Ex. A (Dr. Seiler's

---

[7] Defendant, later when discussing the VA treatment records, makes a specific argument about a lack of good cause for their submission. Def.'s Mem. at 9-10. Evidently these are the records to which the general claim of lack of good cause applies. Moreover, Defendant has not developed the good cause contention as to the opinions in any way.

opinion), with Tr. at 41-42 (ALJ discussing other opinion evidence). Although it is not particularly detailed, if accepted, it would result in a finding of disability. See Pl.'s Mem. at Ex. A (finding, among other things, Plaintiff has "chronic" issues and would be absent from work more than four days a month as a result). Mr. Johnson's opinion is more detailed. It specifically addresses the pain points in Plaintiff's hands and indicates the amount of time during an eight-hour workday Plaintiff can handle, finger, reach in front, and reach overhead, as well as how often Plaintiff needs to rest. See id. at Ex. B. Given that the ALJ did not impose any restrictions as to Plaintiff's abilities in these areas, see Tr. at 39, Mr. Johson's opinion, if accepted, would change the RFC.

Defendant contends both opinions fail to carry a reasonable possibility of changing the administrative result, arguing as to Dr. Seiler's opinion that it is not supported or consistent, see Def.'s Mem. at 6-8, and as to Mr. Johnson's opinion that he is not an acceptable medical source, id. at 8-9. But, these are matters for the Administration to consider in the first instance. The Court is satisfied, that, if the Administration determined to accept either or both of the opinions, the administrative result would change. That is all that is required to make a materiality finding.

## V.   Conclusion

The matter must be remanded for consideration of Dr. Seiler's and Mr. Johnson's opinions. In light of the foregoing, the Administration on remand

- 10 -

shall determine in the first instance whether to consider the VA treating notes submitted by Plaintiff in this appeal. After due consideration, it is

**ORDERED**:

1. This matter is **REMANDED** to the Commissioner for further administrative proceedings pursuant to sentence six of 42 U.S.C. § 405(g).

2. The Clerk is directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on September 29, 2025.

*/s/ James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies:
Counsel of Record